NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL ACOSTA VAAL, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-3388 <br><br> Agency No. <br> A029-315-967 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025[**]
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Petitioner Saul Acosta Vaal is a native and citizen of Mexico, who was

subject to expedited proceedings due to a 1989 removal order. After the

Department of Homeland Security ("DHS") reinstated the removal order in 2024,

Petitioner received a negative determination at a reasonable fear interview. He

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

sought review before an immigration judge ("IJ"), which DHS initially scheduled for May 21, 2024. On May 13, 2024, Petitioner received notice that the immigration court rescheduled the proceeding for May 14, 2024. Petitioner attended the May 14 hearing without counsel. The IJ rescheduled the review proceeding again, for the next day, so that Petitioner's lawyer could be present. After that hearing, the IJ affirmed the negative reasonable fear determination. Petitioner timely seeks our review. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

1.     Petitioner first argues that the IJ committed a due process violation by rescheduling the hearing that was initially scheduled for May 21 without sufficient notice. However, Petitioner cannot show any prejudice resulting from the IJ's rescheduling the proceeding because Petitioner had actual notice of the changes and appeared with counsel at the hearing.

2.     Petitioner next asserts that the IJ erred by not identifying the specific evidence considered in affirming the DHS's negative reasonable fear determination. Contrary to Petitioner's argument, the IJ did explain the evidence that he considered. Because the IJ specifically referred to the closing argument delivered by Petitioner's lawyer, who discussed all the supplementary evidence submitted by Petitioner, it is clear that the IJ exercised discretion. See Dominguez Ojeda v. Garland, 112 F.4th 1241, 1245 (9th Cir. 2024) ("[A]n IJ is not required to

consider new evidence at a reasonable fear hearing, but the IJ must exercise discretion before deciding to consider or reject such evidence.").

3. Petitioner also argues that the expedited removal proceeding violated the Equal Protection Clause. But we have held that "[d]istinctions between different classes of aliens in the immigration context are subject to rational basis review and must be upheld if they are rationally related to a legitimate government purpose." Alvarenga-Villalobos v. Ashcroft, 271 F.3d 1169, 1174 (9th Cir. 2001). We also have held that placing "some non-[lawful permanent resident] aggravated felons into expedited removal proceedings" does not violate equal protection principles. United States v. Calderon-Segura, 512 F.3d 1104, 1107–08 (9th Cir. 2008). Finally, Petitioner does not challenge the merits of the IJ's decision and, thus, has not shown any prejudice resulting from the expedited proceedings.

**PETITION DENIED.** [1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.